# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN CHANDLER | CIVIL ACTION NO.: |
| v. | |
| NORFOLK SOUTHERN | JURY TRIAL DEMANDED |

## DEFENDANT NORFOLK SOUTHERN'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

The Petitioner, Norfolk Southern, by and through its attorneys, Gallagher & Rowan, P.C., respectfully avers the following:

1.     This action was commenced against Defendants in the Philadelphia County Court of Common Pleas by the filing of a Complaint on June 2, 2010. This case is known as *Jonathan Chandler v. Norfolk Southern, Docket No.:* 100504356.  The Complaint is attached hereto as Exhibit A.

2.     The defendant was served with the complaint on June 7, 2010.  A copy of the docket entries evidencing the service of the complaint is attached hereto as Exhibit B.

3.     Defendant is a resident of Virginia, in that it is a  Virginia corporation, with principle places of business in Norfolk, Virginia.

4.     This Honorable Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(2), in that there exists complete diversity of citizenship as between the

Plaintiff and all Defendants, and the alleged amount in controversy in this case exceeds the statutory requirement of 28 U.S.C. § 1332 (a)(2).

5.     The above-described action is one which may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. §1441 et seq. in that this action has been brought in a state court and a District Court of the United States has original jurisdiction under 28 U.S.C. §1332(a)(2).

6.     This Notice is being filed with this Court within the time for removal set forth in 28 U.S.C. §1446(b), and as set forth in <u>Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.</u>, 119 S.Ct. 1322 (1999), inasmuch as the thirty (30) day period for removal subsequent to the service of the complaint has not expired.

7.     Written notice of the filing of this Notice will be served on the adverse party as required by 28 U.S.C. §1446(d).

8.     A true and correct copy of this Notice will be filed with the Prothonotary of the Philadelphia County Court of Common Pleas, as provided by 28 U.S.C. §1446(d).

9.     Pursuant to U.S.C. §1446(a), Defendants have attached true and correct copies of all process, pleadings and orders served upon the noticing party in this action.  Exhibit "A".

10.     Two copies of a Disclosure Statement are attached hereto as Exhibit "C" in accordance with F.R.C.P. § 7.1.

WHEREFORE, Defendants herein request that this Court effect the removal of this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

**GALLAGHER & ROWAN, P.C.**

By: _____
MAUREEN ROWAN, ESQ.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN CHANDLER | CIVIL ACTION NO.: |
| v. | |
| NORFOLK SOUTHERN | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Maureen Rowan, Esquire, hereby certify that a true and correct copy of Defendants' Notice of Removal was served via first class mail, on June 23, 2010, postage prepaid to:

Richard M. Jurewicz, Esquire
1835 Market Street
Suite 2710
Philadelphia, PA 19103

**GALLAGHER & ROWAN, P.C.**

By: _____
MAUREEN ROWAN, ESQ.

**EXHIBIT A**

GALFAND BERGER, LLP

ASSESSMENT OF DAMAGES

BY:   RICHARD M. JUREWICZ, ESQUIRE

HEARING REQUIRED

IDENTIFICATION NO.: 39436

1835 Market Street, Suite 2710

Philadelphia, PA 19103

Attorney for Plaintiff

| | | |
|---|---|---|
| JONATHAN CHANDLER | : | COURT OF COMMON PLEAS |
| 28 Lake Point Drive | : | PHILADELPHIA COUNTY |
| Harrisburg, Pennsylvania 17111 | : | |
| **Plaintiff** | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | **NO.** |
| | : | |
| NORFOLK SOUTHERN | : | APRIL TERM, 2010 |
| 3 Commercial Place | : | |
| Norfolk, Virginia 23510 | : | |
| **Defendant** | : | |

## CIVIL ACTION-COMPLAINT

### NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR
TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING
A LAWYER. THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER
LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
One Reading Center
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

### "AVISO"

Le han demandado en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo de la demanda y notificacion para asentar una comparesencia escrita en persona o por su abogado y archivar con la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte puede continuar la demanda en contra suya y puede entrar una decision contra usted sin aviso o notificacion adicional por la cantidad de dinero de la demanda o por cualquier reclamacion hecha por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE DE LLEVAR ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE
EL DINERO SUFICIENTE PARA PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA
CUYA DIRECCION SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA
LEGAL.

ASOCIACION DE ABOGADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215) 238-6333

GALFAND BERGER, LLP
BY:   RICHARD M. JUREWICZ, ESQUIRE
IDENTIFICATION NO.: 39436
1835 Market Street, Suite 2710
Philadelphia, PA 19103

ASSESSMENT OF DAMAGES
HEARING REQUIRED

Attorney for Plaintiff

---

| | | |
|---|---|---|
| JONATHAN CHANDLER<br>28 Lake Point Drive<br>Harrisburg, Pennsylvania  17111<br>Plaintiff | :<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| v. | :<br>:<br>: | JURY TRIAL DEMANDED<br>NO. |
| NORFOLK SOUTHERN<br>3 Commercial Place<br>Norfolk, Virginia  23510<br>Defendant | :<br>:<br>:<br>: | APRIL TERM,  2010 |

## CIVIL ACTION-COMPLAINT

1.     Plaintiff Jonathan Chandler is an adult individual, citizen and resident of the Commonwealth of Pennsylvania residing therein at 28 Lake Point Drive, Harrisburg, Pa.  17111.

2.     Defendant Norfolk Southern is incorporated in a state other than the Commonwealth of Pennsylvania with its principal place of business at 3 Commercial Place, Norfolk, Virginia  23510.

3.     Defendant Norfolk Southern is a rail transportation business.

4.     Defendant Norfolk Southern's regular business includes rail carrier of metals and automotive products that operates through railway subsidiaries located in twenty-two states including the Commonwealth of Pennsylvania.

5.     Defendant Norfolk Southern has approximately 21,000 miles of railroad track in twenty-two states including the Commonwealth of Pennsylvania and the City of Philadelphia.

6.     Defendant Norfolk Southern regularly does business in the City of Philadelphia and County of Philadelphia.

7.     Defendant Norfolk Southern maintains and owns a rail classification yard at its Harrisburg Division located at 3322 Industrial Road in Harrisburg, Pennsylvania.

8.     At all times material hereto, Norfolk Southern owned and operated the rail tracks and railway equipment at its Harrisburg Division including railcars used by shippers of merchandise.

9.     Located on Defendant Norfolk Southern's premises at its Harrisburg Division was a stack yard along twenty-four track in which a Taylor crane and hitch were provided to assist in the movement, placement and repositioning of Norfolk Southern railcars.

10.    The Taylor crane and hitch were owned by Defendant Norfolk Southern.

11.    On February 16, 2009, Plaintiff, Jonathan Chandler was employed as a packer/jockey operator for Road Link a/k/a GPS Terminals.

12.    Based upon information and belief, Plaintiff avers that there was a written agreement or contract between Defendant and Plaintiff's employer for the loading and off loading of railcars containing containers of merchandise from shippers who used Defendant's railway system and tracks to transport their merchandise.  Pursuant to Pa. R.C.P. 1019(i) Plaintiff avers that the contract or agreement is not accessible to him as he was not a party to it but believes it would be in the possession of the parties to that agreement, specifically Defendant and Plaintiff's employer.

13.    Based upon information and belief, Plaintiff avers that under the terms of the contract or written agreement between Defendant Norfolk Southern and Plaintiff's employer, Plaintiff's employer RoadLink and/or GPS Terminals was considered and regarded as an independent contractor with respect to the services it was providing at Defendant Norfolk Southern's Harrisburg Division railway property and operation.

Case ID: 100504356

14.     The aforementioned Taylor crane and hitch was provided to Plaintiff's employer by Defendant Norfolk Southern.

15.     Prior to February 16, 2009, Norfolk Southern serviced, repaired and maintained railcar equipment at its Harrisburg Division including the Taylor crane, hitch and other equipment that was used to pull, move, load and off load Norfolk Southern railcar equipment.

16.     Prior to February 16, 2009, Defendant Norfolk Southern employed "car inspector" employees, agents and servants that would inspect railcars and equipment at the 39th Street Bridge for the purpose of determining whether the railcar equipment was safe to use and operate at the Harrisburg Division for all individuals who were expected to use and work with the railcar equipment including Plaintiff and his employer.

17.     Prior to February 16, 2009, Defendant, through its car inspector employees, agents and servants also inspected the Taylor crane, hitch and other equipment that had been provided to Plaintiff's employer for the purpose of moving, loading and off loading railcar equipment at its Harrisburg Division.

18.     Prior to February 16, 2009, Defendant Norfolk Southern had a repair shop which railcar equipment and machinery used at the Harrisburg Division was removed from service to be repaired if anything was found to be defective or unsafe based on its inspection of the equipment.

19.     On February 16, 2009, Plaintiff, Jonathan Chandler was working for RoadLink and operating a Taylor crane and was in the process of pulling a hitch up on a railcar when the hitch unexpectedly broke and released a 30 lbs. tow hook which hit the Plaintiff in his left side torso, shoulder and elbow causing him to suffer serious bodily injuries as set forth below.

20.     Plaintiff's accident was due to the negligence and wrongdoing of Defendant Norfolk Southern and the unsafe and defective condition of the Taylor crane and hitch and was due in no manner whatsoever to any actions on the part of Plaintiff.

## COUNT I - NEGLIGENCE
## PLAINTIFF VS. DEFENDANT NORFOLK SOUTHERN

21.     Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein at length.

22.     The aforementioned negligence, carelessness and wrongdoing of Norfolk Southern consisted of the following acts and omissions:

    (a)     Failure to exercise reasonable care in maintaining the railroad railcar equipment including the Taylor crane and railcar hitch that was used by Plaintiff on the day of his accident;

    (b)     Failure to exercise reasonable care in properly inspecting railcar equipment provided to Plaintiff's employer and Plaintiff including the Taylor crane and the railcar hitch;

    (c)     Failure to warn or adequately warn of the hazardous conditions attended upon the foreseeable uses of railcar equipment including the Taylor crane and railcar hitch;

    (d)     Failure to equip and fix to the railcar equipment including the Taylor crane and railcar hitch proper safety devices and appliances;

    (e)     Supplying railcar equipment (Taylor crane and railcar hitch) that Defendant knew made the railcar equipment defective, unreasonably dangerous and in an unsafe condition;

Case ID: 100504356

(g)     Failure to do proper and adequate railcar inspections by Defendant's railcar inspectors to ascertain those railcars that needed to be serviced, maintained and repaired in order to be safely used and operated;

(h)     Failure to detect and remove from service a Taylor crane and railcar hitch that was defective, unsafe and dangerous to use;

(i)     Supplying a Taylor crane and railcar hitch which Defendant knew or through the exercise of reasonable care should have discovered that said equipment was unsafe for Plaintiff to use and operate;

(j)     Providing a tongue strap on a towing hook that rendered the operation of the Taylor crane (packer machine) and its hitch in an unsafe, defective and unreasonably dangerous condition to use and operate;

(k)     Failing to timely remove from service the Taylor crane and railcar hitch and towing hook so that it would not cause injury to those who were expected to use and operate said equipment.

23.     As a direct and proximately result of the negligence, carelessness and wrongdoing of Defendant Norfolk Southern, Plaintiff suffered the following injuries and damages:

(a)     Left comminuted fracture of supracondylar; Comminuted displaced fracture of left scapula; Grade 2 open left distal humeral intra-articular comminuted fracture; Fracture of left collar bone; Multiple bruising and contusions and damage to the soft tissue structure of his left upper extremity; Chest wall and thoracic and cervical back and other injuries, the full extent of which are not yet known but believed to be permanent;

(b)     Loss of earnings, past and loss of future earnings and earning capacity;

(c)     Hospital, medical and rehabilitation expenses, past and future;

Case ID: 100504356

(d)     Loss of enjoyment of life's pleasures, past, present and future;

(e)     Great pain and physical pain and suffering, past, present and future.

**WHEREFORE**, Plaintiff, Jonathan Chandler, demands judgment against Defendant

Norfolk Southern for a sum in excess of the Arbitration limits of this Court, plus of interest and

costs.

Respectfully submitted,

**GALFAND BERGER, LLP.**

BY:     _____  6/1/2010

**RICHARD M. JUREWICZ, ESQUIRE**
**Attorney for Plaintiff**
**Attorney I.D. No.:  39436**
**GALFAND BERGER, LLP**
**1835 Market Street, Suite 2710**
**Philadelphia, PA  19103**
**215-665-6829**
**rjurewicz@galfandberger.com**

DATED: 6/1/10

**VERIFICATION**

I hereby affirm that the following facts are correct:

I am the Plaintiff in the foregoing action and the attached Pleading is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in preparation of my lawsuit. The language of the Pleading is that of counsel and not of me. I have read the Pleading and to the extent that the Pleading is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the content of the Pleading is that of counsel, I have relied upon counsel in making this Verification. I hereby acknowledge that the facts set forth in the aforesaid Pleading are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

DATE: 1/29/10

JONATHAN CHANDLER

**EXHIBIT B**

# Civil Docket Report

## Case Description

| | |
|---|---|
| **Case ID:** | 100504356 |
| **Case Caption:** | CHANDLER VS NORFOLK SOUTHERN |
| **Filing Date:** | Wednesday, June 02nd, 2010 |
| **Court:** | JC - MAJOR JURY-COMPLEX |
| **Location:** | CH - City Hall |
| **Jury:** | J - JURY |
| **Case Type:** | 2P - PRODUCT LIABILITY |
| **Status:** | CLWCM - WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name |
|---|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | A39436 | JUREWICZ, RICHARD M |
| **Address:** | 1835 MARKET ST. SUITE 2710 PHILADELPHIA PA 19103  (215)665-6829 | | **Aliases:** | *none* | |
| | | | | | |
| 2 | 1 | | PLAINTIFF | @6620252 | CHANDLER, JONATHAN |
| **Address:** | 28 LAKE POINT DRIVE HARRISBURG PA 17111 | | **Aliases:** | *none* | |
| | | | | | |
| 3 | 5 | | DEFENDANT | @6620253 | NORFOLK SOUTHERN |
| **Address:** | 3 COMMERCIAL PLACE NORFOLK VA 23510 | | **Aliases:** | *none* | |
| | | | | | |
| 4 | | | TEAM LEADER | J359 | TERESHKO, ALLAN L |
| **Address:** | 231 CITY HALL PHILADELPHIA PA 19107  (215)686-7324 | | **Aliases:** | *none* | |

Civil Docket Report - Not an Official Document
Case 2:10-cv-03051-SD   Document 1   Filed 06/23/10   Page 16 of 21

| 5 | | | ATTORNEY FOR DEFENDANT | A38909 | ROWAN, MAUREEN |
|---|---|---|---|---|---|
| **Address:** | GALLAGHER & ROWAN PC<br>1800 JFK BLVD SUITE 1000<br>PHILADELPHIA PA 19103<br><br>(215)732-8900 | | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 02-JUN-2010 03:32 PM | ACTIV - ACTIVE CASE | | | 02 -JUN-2010 04:34 PM |
| **Docket Entry:** | E-Filing Number: 1006004448 | | | |
| | | | | |
| 02-JUN-2010 03:32 PM | CIVIJ - COMMENCEMENT CIVIL ACTION JURY | JUREWICZ, RICHARD M | | 02 -JUN-2010 04:34 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 02-JUN-2010 03:32 PM | CMPLT - COMPLAINT FILED NOTICE GIVEN | JUREWICZ, RICHARD M | | 02 -JUN-2010 04:34 PM |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 02-JUN-2010 03:32 PM | SSCG1 - SHERIFF'S SURCHARGE 1 DEFT | JUREWICZ, RICHARD M | | 02 -JUN-2010 04:34 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 02-JUN-2010 03:32 PM | JURYT - JURY TRIAL PERFECTED | JUREWICZ, RICHARD M | | 02 -JUN-2010 04:34 PM |
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |
| | | | | |
| 02-JUN-2010 03:32 PM | CLWCM - WAITING TO LIST CASE MGMT CONF | JUREWICZ, RICHARD M | | 02 -JUN-2010 04:34 PM |
| **Docket** | | | | |

| Entry: | none. | | | |
|---|---|---|---|---|
| | | | | |
| 11-JUN-2010 10:03 AM | ENAPP - ENTRY OF APPEARANCE FILED | ROWAN, MAUREEN | | 11 -JUN-2010 11:10 AM |
| Docket Entry: | ENTRY OF APPEARANCE OF MAUREEN ROWAN FILED. (FILED ON BEHALF OF NORFOLK SOUTHERN) | | | |
| | | | | |
| 11-JUN-2010 10:03 AM | JURYT - JURY TRIAL PERFECTED | ROWAN, MAUREEN | | 11 -JUN-2010 11:10 AM |
| Docket Entry: | 12 JURORS REQUESTED. | | | |
| | | | | |
| 14-JUN-2010 02:53 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | JUREWICZ, RICHARD M | | 14 -JUN-2010 02:55 PM |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON NORFOLK SOUTHERN AND MAUREEN ROWAN BY CERTIFIED MAIL ON 06/07/0010 FILED. (FILED ON BEHALF OF JONATHAN CHANDLER) | | | |

**EXHIBIT C**

GALLAGHER &  ROWAN, P.C.
BY: MAUREEN ROWAN, ESQUIRE
Attorney ID No. 38909
1800 JFK Boulevard - Suite 1000
Philadelphia, Pennsylvania 19103
215-732-8900                                             Attorney for Defendant
File No.: 230.106

| | |
|---|---|
| JONATHAN CHANDLER | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| v. | MAY TERM, 2010 |
| NORFOLK SOUTHERN | No. 04356 |

## NORFOLK SOUTHERN'S DISCLOSURE STATEMENT
## PURSUANT TO LOCAL PROCEDURAL RULE § 7.1

The non-governmental corporate party, NORFOLK SOUTHERN CORPORATION,
in the above-listed civil action does not have any parent corporation and publicly
held corporation that owns 10% or more of its stock.

GALLAGHER & ROWAN, P.C.

By: _Maureen Rowan_
MAUREEN ROWAN, ESQUIRE
Attorney for Defendant, Norfolk
Southern
1800 JFK Boulevard, Suite 1000
Philadelphia, PA 19103
(215) 732-8900

Date: June 23, 2010

GALLAGHER &  ROWAN, P.C.
BY: MAUREEN ROWAN, ESQUIRE
Attorney ID No. 38909
1800 JFK Boulevard - Suite 1000
Philadelphia, Pennsylvania 19103
215-732-8900                                    Attorney for Defendant
File No.: 230.106

JONATHAN CHANDLER            COURT OF COMMON PLEAS
                             PHILADELPHIA COUNTY
           v.
                             MAY TERM, 2010
NORFOLK SOUTHERN
                             No. 04356

## NORFOLK SOUTHERN'S DISCLOSURE STATEMENT
## PURSUANT TO LOCAL PROCEDURAL RULE § 7.1

The non-governmental corporate party, <u>NORFOLK SOUTHERN CORPORATION</u>, in the above-listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

GALLAGHER & ROWAN, P.C.

By:_____
          MAUREEN ROWAN, ESQUIRE
          Attorney for Defendant, Norfolk
          Southern
          1800 JFK Boulevard, Suite 1000
          Philadelphia, PA 19103
          (215) 732-8900

Date: June 23, 2010